All right, Mr. Campbell, are you ready? Thank you, Judge Thacker, I am. Good morning. May it please the court, I'm Chris Campbell. I am counsel for the Charlotte-Mecklenburg Schools, or CMS, the appellate in the primary issue in this case. Your honors, there are two issues for resolution today before you. First being the parents' counterclaim request that they're entitled to a full due process hearing in front of the federal district court judge, even though there has never been any hearing at the state administrative level, and I will address that issue during my rebuttal time today. The second issue and the primary issue before you as appellant at this court is whether or not the federal district court below and the second-tier state hearing review officer applied the correct standard for the withholding exception to the statute of limitations under IDEA. And of course, that exception is very specific. It states that if the parent was prevented from requesting a due process hearing because the local education agency withheld legally required information, so two steps. If both steps are satisfied, if both questions are satisfied, then the statute of limitations is this timeliness argument in the state administrative proceedings, right? Correct. And this is a timeliness argument. It's not by indirect implication. It's a timeliness argument for suing in federal court, but it's not only a federal court, right? It's a timeliness requirement for seeking state administrative review. Does that make sense? It's not solely a time limit that applies to their ability to proceed in court. It's also a time limit that applies to their ability to seek state administrative review. Correct. Okay. So, are you familiar with this court's decision in Johnson v. Charlotte-Mecklenburg schools? I'm not only familiar, I argued it. Great, great. So, a question that I've been having is, why isn't what you're asking us to do not in tension with Johnson in the following sense? This was an issue about whether it was a timely complaint before the state administrative process. You raised the argument before the state administrative process that it was not a timely complaint. And what you're essentially asking the district court judge to do is to say that the state administrative officer got the question of timeliness wrong, that they should. So, that sounds like appellate review of the state administrative officer to me, which Johnson says we can't do. And what it also sounds like you're asking the district court to do is to essentially, I'm trying to think about the remedy you're seeking. The remedy you're seeking is basically an injunction. You want the district court to tell the state administrative officer, stop what you're doing because you don't have the authority to do this, which also starts to sound like appellate review of the state administrative officer, which I think is the thing that Johnson says federal courts can't do under the idea. So, why don't we have a Johnson problem here? Your Honor, I have an answer for that question. Wonderful. I'd love to hear it. And I know this court is wrestling with the question of how wrestling with that in the CM case, which is also a Charlotte Mecklenburg school case that a decision will be coming out soon. What the standard is under Johnson is clear, is that there cannot be a remand. There's no appellate standard of review by the court below. We understand that. But where Johnson is easily answered as far as what is the impact of Johnson was answered 20 years ago by this court. And believe it or not, I was the lawyer standing in front of this court 20 years ago. And in that case, unpublished decision, M.E. Okay. Well, you had me right up until the words you said, unpublished decision, at which point we've not resolved the M.E. I said that. Well, I'm hoping that that language will become published. And here's the link. That's a per currum decision in that case. The court, the district court judge, Lacey Thornberg in North Carolina, federal district court, granted summary judgment on his own, on behalf of the district. And this court said, no, the order was for that to go back to the administrative hearing level because of a statute of limitations argument. So this was answered 20 years ago. What the remedy was, was a dismissal without prejudice to proceed on your remedies in state court. It's a dismissal without prejudice. Now let's apply this to this case. Sorry, I just want to make sure I understand. So a dismissal of what? A dismissal of the federal litigation? Yes. Okay. So, okay. And that's what the court did in this case. If you'll look at what Judge Conrad did, he dismissed the case without prejudice and actually said, this now lies with the ALJ for a determination on the merits. He got it right. He said, I dismissed the federal case and now you can proceed in state court. And the final point I want to make. Wait, I'm sorry. I'm just deeply confused because this federal case began when your client filed a federal lawsuit. Yes. And I want to apply it to this case. Okay, great. Because I'm confused right now. So he said that it's dismissed and the action now lies with the administrative court because he found the statute of limitation did not apply. So where are we in this case and how does Johnson apply to this case? First of all, we are aggrieved because the court below, the second tier administrative review officer said that statute of limitations did not run. You're aggrieved because you think they should have said this whole thing is over, go away. And that's not what they did. And you're aggrieved by that. Okay. Correct. And I will submit to you judge, if that doesn't satisfy the standard, then we should not be before this court. None of us should be before this court. If the aggrieved party standard is not satisfied, that is a true statement. We filed this action because we were aggrieved. We then come to federal district court. If the federal district court judge feels that the statute of limitations does apply, the argument I'll make in a few minutes as to why does apply, that is binding. Under IDEA, there's an administrative hearing. Then the federal court gets to make a decision. That is issue preclusion. It is the same parties. It is the same issue. And it's a final decision from a federal. But how is that not exercising appellate review of the state administrative agency in the very way Johnson says we can't do? Because you are making a final decision on a legal question and it's binding on the lower court because of issue preclusion. You don't remand to do anything. It just is issue preclusion. It's binding. So then what happens if the agency goes forward? I guess you'd raise preclusion. Yes. Yes. We would say to the administrative law judge, if I was standing before the administrative law judge now, I would say, your honor, the federal courts have concluded that the statute of limitations did in fact not run. So that issue is decided. We will now move forward. Okay. Can we talk about the February 2013 email? How is that email not a request for an IDEA evaluation when it specifically asked about an IEP and other health impaired status? It is not a request. And Judge Thacker, if you will please give me the ability to very quickly point out what the relevant law is and tell you why that's important. I promise I will apply the law to the facts. That would be good. I promise I'll answer your question. But I only have five minutes. Get going. Okay. Ladies and gentlemen of the court, judges, there are four cases that are dispositive. They are DK versus Abington School District, third district, third circuit. Then in NB versus Chester County, the Eastern District of Pennsylvania applied that standard, the statute of limitations. Then the Richard R. case out of the Western District of Texas, which both sides rely on, and the Ashley G. case, which is also a Western District case. So those are four federal decisions on the statute of limitations and on the withholding exception. To make it explicit, something I gather is implicit. So what you're telling me is that you do not have a published Fourth Circuit or Supreme Court decision addressing any of this. And you took the words, Judge. This case is incredibly important because you are going to establish the standard for when a parent does initiate a request for purposes of the withholding exception. And now if I can just give very quickly the legal standard, I promise I will. That would be great. This is so important that you are going to. So go. You've got four minutes and 30 seconds. Go. Under the DK decision, what the court said was that you must look at whether or not there are statutorily mandated disclosures. And in DK, they said until the parents requested an evaluation, the statutory notices were not required. Okay. And so my question is, how is that February 2013 email not a request for an evaluation? It is not a request for an evaluation for this reason. It is a child fine allegation. If you will look at the four cases I cited, in all four cases, if the parent requested an evaluation, gave an exacting statement that they wanted testing Judge Thacker, then in those cases it was awarded. So you have to use magic words? You have to say, I want you to test? Do you have to say, I want you to test? You do not have to use magic words, but you have to give a request for an evaluation. So you have to use magic. I must say, I request an evaluation. And if I don't say that, the school district doesn't have to do anything. No, sir. You could also say, I request special education. I request that the Yes, I request IEP. Okay. They did ask about IEP resources or if it would benefit the child in that email. And here is what the parent says that is so important. And what the parent said, if you look at the Joint Appendix page 265, the exact language from the parent was, I would like to discuss all of these issues tomorrow. You have to look at this case in context. Tomorrow was a 504 meeting. They got together in the 504 meeting. They addressed all of the issues of concern and there was never a request for any kind of testing or evaluation. And then after that date, there were three more 504 meetings. But before you get to the additional 504 meetings, so after that hearing, did you ever, did the district say, we don't think you're eligible for IDEA assistance? We don't think you need it. Did you ever say that? That is not in the record specifically because the answer is the parent never specifically requested the testing. The psychologist made an incorrect legal conclusion. He said the child qualifies for OHI or is OHI. So will they get tutoring as part of their IEP? And so the district didn't think, well, gee, sounds like they're asking for some assistance here. They're not certain how to frame it, but they're saying all the right things. You're saying that the district doesn't have any obligation to help that process because if you don't say it the right way, we're not going to help you. I do and here's why. That is the position of the school district and here is why. Every day, parents come forward across the United States with medical information, concerns about behavior, concerns about academics, concerns about their child and present that to the school district. Those are putting the school district on notice. The school district should have known that the child qualified. If that is the standard, and please listen to me on this, DK v. Abington, it goes through painstaking detail on what it takes to make a request. If this court opens the door to child fine claims big enough to establish an exception to the statute of limitations, then every parent is going to say, I raised concerns, I gave a doctor's note, I brought forward a psychological evaluation, I mentioned the word IEP. If it is not an exact They did more than mention the word IEP. The email says, is there something that is covered by an IEP that can benefit her? They did, Your Honor, and I will submit it is obviously the decision of this court as to whether that was good enough. I submit to you it wasn't because of the actions of the parent. My concern is that if you issue a decision that simply says that was good enough and don't thoroughly analyze whether or not it was a request for an evaluation versus a child fine claim, then every single case is truly going to raise that issue. There will be parents who can bring claims eight years later and say, my child wasn't evaluated eight years ago and I raised concerns. If that is an implied request, the standard is not implied request. In this case, the parent did not give any exacting language that they wanted an evaluation. They said, I want to discuss these things. If that's the standard, then the statute of limitations can be eviscerated. They also were not prevented. The district court below found that they did have access to IDEA safeguards on a website, so there was not a finding that they were prevented from filing. This case is much more important than these litigants. I ask that you please look at those cases very carefully. All right, thank you. We'll hear from Ms. Gahagan now. Good morning, Stacy Gahagan. I'm here on behalf of Jason Brady and Aaliyah Brady. I'll have reserved time as well. We'll start with the statute of limitations piece since we've already been talking about that with my friend. I will start by saying that I do think it's an important case, but I also think it's a very clear case. It is clear that that email was a parent request for an evaluation. Parents are not required to speak magic words. Judge Chawson, you asked that, and that's correct. They don't know the magic words. In this case, it's even more important because the school district never provided the parents a copy of the procedural safeguards or prior written notice of the decision. Isn't there a finding by the court that your clients did receive notices annually? Do you disagree with that finding? Absolutely, Your Honor. Tell me how. I do disagree with that finding. The district court looked at a letter that was sent that was a mass mailing to all parents saying, if you need information about Section 504, about individuals with disabilities, about asbestos, it had 14 different things on it and said, you can go to our website and you can look for that information there. You can look in the parent-student handbook. That information is not actually in the parent-student handbook where you can go right to it. Is it your position that the prior written notice has to be targeted to the request for the IDEA that was either changed or denied? Is that your position that if it doesn't do that, it doesn't fit the statutory definition of a prior written notice? Yes, Your Honor. The actual definition of the prior written notice is that it has to provide the proposals and refusals that are before the IEP team. Anytime the team proposes to initiate or refuses to initiate, evaluation is one of the things, but change of placement, anything related to the child's free, appropriate public education, that at that point... So it's your position, you didn't get the procedural safeguards and you didn't get the prior written notice under the statute because they just said, we didn't even consider that So how could you then get those safeguards in place when they didn't even recognize what you're asking for? And that argument has changed from the State Administrative Summary Judgment where they said that the 504 team made a decision that she was ineligible, and that's in the Joint Appendix in the transcript, and that they admitted... They said that the 504 team made a decision that she was not eligible for what, an IEP? Yes. So there must have been a request as they understood it. Yes, Your Honor. Where is that in the JA? So, Your Honor, that is... So, Your Honor, on the Joint Appendix, page 579 in the transcript, lines 4 through 7, they admit that there was no prior written notice given. I want to make sure you're answering what I understood Judge Sackler's question. I want to know about whether or not they ever said, you're not getting an IEP. We don't think this qualifies or is eligible, which is an argument you make in your brief. Where do we find that in the record? So, Your Honor, also in the Joint Appendix, if you will look at... Let me find, I'm sorry, the site for you. But it checks off that on Joint Appendix, page 422, that the 504 team marked that the need for the IDEA has been ruled out and they checked that yes. So that was after the 504 meeting? Yes. Which would correspond to the February 2013 email from the psychologist. After that event is where they check off saying you're not eligible. It was after that. It was after the email. I'm not sure if it was the very next 504 meeting. It might have been the following year. But it is checked off. And the previous counsel indicated that the 504 team was able to make that determination. Your Honor, the issue of the statute of limitations is important. It is important in this case. And there are two parts of the statute of limitations that I think... There are two provisions. One is for exhaustion. And that's part of what's been raised. So 1415-L is the part of exhaustion that's being litigated now that the Supreme Court is deciding with Perez. But here we're looking at 1415-I-2. And that has two components. It has a grieved party and a limitation on the timeline for filing. And in Kirkpatrick and Johnson, those limitations are both on the party that is bringing the action. And as Your Honors noted, the Bradys did not bring this action to federal court. CMS brought this action to federal court. And under Kirkpatrick and Johnson, once an action is filed, once it's brought in federal court, the federal rules of civil procedure apply. And the Bradys timely filed their compulsory counterclaim under Rule 13. So I want to go back to where you said that this JA-422, it's not... As I understood your argument, that it was that this... After this 504 meeting, in their notes, they said that the IDA process had been ruled out. And that is accurate. But the email was in 2013. And this note, this is in September 30, 2015. Does that make a difference that it was two years after the email? It doesn't necessarily make a difference because it does say that they did rule it out. But I also, Your Honor, would direct you in the Joint Appendix to Joint Appendix pages 368 and 369. And if you'll look at those, those are handwritten notes that were provided as part of the educational record from the school district. That note about the other health impaired, there's a printout of what that qualifies at. Talks about her hospitalizations and what the criteria is for OHI. And that is dated at the same time of the February email. So that is very clear that those were things that someone in the school district took notes about at that 368 and 369. Those were in 2012. But anyway, go ahead. I'm sorry, Your Honor. It's the February 25th note on the side. And then the other note from 9-14-12. OK. So, Your Honor, so those are all indications that whether you, I mean, this is a child fine case. I mean, that is part of this. And there's two ways that there's child fine. I mean, first, it's important to know that child fine is an affirmative duty of the school district. It is not the responsibility of the parents, contrary to the arguments that have been made, to initiate the referral. So these parents did everything that they were supposed to do to communicate with the district. They told the district about her disabilities. They told them about her psychiatric hospitalizations. They told them about her suicide attempts. They brought a note. One suicide attempt was at the school. So nobody needed to tell them that. They didn't have to tell them that. And at each one of the stages, Your Honor, the school district did nothing. Even when they got the email from the parent that said, here's an email from her psychologist. We want to discuss this. And the psychologist says, is she eligible? We understand she's eligible for an IEP under the category of other health impaired. Now, whether the psychologist was legally correct or not, the psychologist, again, doesn't have to use magic words. It's a psychologist. But I think the district court's opinion was very poignant in saying the school people knew what that meant. They're the professionals. They're the experts in this. They knew what they were asking for. And when they got that, it triggered a duty. It triggered a duty to do two things, to provide them a copy of the procedural safeguards. And if they had made the decision, as they argued below, that the 504 team decided that she didn't need an IEP, to issue a prior written notice refusing to evaluate her. I confess to having gotten a little lost in the weeds about what part of the argument is for what part of the appeal. So can I just ask you a question about the cross appeal? Yes. So the administrative process was commenced by your client, right? Yes. It seems a little bit weird to me to say that you don't have to exhaust an administrative process because you weren't given proper notification that it's an administrative process that your client began. Help me understand why that's not weird. As I understand, the way exhaustion would normally work is someone runs into court and we say, did you exhaust administrative remedies? And they'd say, no. And what we would normally say is, get out of here. You have to exhaust administrative remedies. And then sometimes people have a reason to explain why they didn't exhaust administrative remedies and we litigate whether they had to do that. It seems weird to me to say that you were not required to fully exhaust in the case where you were the one who commenced the administrative process in the first place. Tell me why that's not weird. I'll do my best. OK. As far as the state administrative process goes, I mean, I think that's part of the amicus brief that was provided by COPA with regard to establishing the discovery rule in the Fourth Circuit. So the discovery rule is the date that a parent with reasonable diligence knew or should have known of the harm. That goes to their statute of limitations argument and whether or not you commenced the administrative process in a timely fashion. For purposes of this discussion, let's posit that you did, that you commenced it. But now what you want the district court to do is say, now just tell us that we win, even though we haven't actually finished the administrative process. No, Your Honor. What we want the district court to do is to take additional evidence and to decide this We want the case to be heard. Right. But normally speaking, if you went to district court and said, I'd like you to take evidence and decide it, we would say, did you exhaust your administrative remedies? And if the answer was no, we would say, get out of here or go do that. And you seem to want to not have to finish the administrative remedies. That's correct, Your Honor. And that's because the reason the legal basis for telling us to get out of here and to go back and exhaust is 1415 I-2. And 1415 I-2 sets limits for the party that is bringing the action. And it provides particular limits. And this court has already said that the person that files the counterclaim did not bring the action. And those limitations do not apply. And so to the extent that if Your Honor does believe that those apply, we contend that they don't under the analysis of this court previously. But if you contend that they do, there are three exceptions to exhaustion. Futility. And the Ninth Circuit and the Tenth Circuit have both said that when they have found in different cases that when parents have done enough to try to get open the courthouse doors, they're not going to keep sending them back. This case was the original petition in the Office of Administrative Hearings was filed in January of 2018. It just seems like it's taking longer than we'd like is a weird way to describe futility. But Your Honor, the futility piece is when it was remanded from the state hearing review officer by statute, the ALJ had 45 days to issue a final decision in this matter. And she did not do that. Let's posit that I find that argument completely unpersuasive. Do you have another one you'd like to make? I do, Your Honor. I would say that there is only so many times that if you look at what these parents have done, they filed in the administrative hearing after they received advice from an attorney, not because they ever, ever received a copy of the procedural safeguards, ever, even after they filed due process from Charlotte Mecklenburg. But they received advice from an attorney that you have rights and here's the process that you have to go through. They filed in the administrative proceeding. They appealed. They went back to the ALJ. She didn't calendar it. They appealed. They brought it to district court. We responded. We thought that under, because there was conflicting decisions, that a remand was possible. When Johnson was issued and they amended, we filed a counterclaim. So, and I see that my time is up. Thank you. All right. Thank you. Mr. Campbell. Thank you, Your Honor. Just very quickly, the notation about the excluding the child from eligibility under IDEA came in 10th grade and the child, the email was in the 7th grade. So, a lot of time passed between those two. But very quickly, this exacting request for an evaluation versus Magic Words. The Magic Words language comes from a hearing officer in California. It wasn't a statute of limitations case. It was a child fine case. The second case they rely on, Chichester, was a discipline case, not a statute of limitations case. And in the Third Circuit case, the Third Circuit says, if you go look at the language, not until the parent made a request for an evaluation were those two notices owed. They said prior to that, they were not owed. We're talking about an exception to a statute of limitations. But is it your position in 2015 that they did, in fact, make the request and then they were denied? So, in other words, we started with 2013 is one thing, but that box being checked was in another year. Is it your same position in 2015 that when you said, no, you're not eligible, that was because a request was made and you denied it? So there would have to be, so that appears to be on the record, a denial, well, not a denial. That appears... Or not eligible. Not eligible. It appears to be a not eligible decision. All it does, Judge Dawson, is beg the question, was there a request? Was there a request? Why would you say they weren't eligible for something that they didn't ask for? Pardon? In other words, why would you say you're not eligible for something when no one raised their hand and asked, am I eligible? That is a great question because, as counsel said, they're exactly right about everything they said about child fine. We have an affirmative duty as a school district to try to decide if kids need to be tested and they're evaluated. So that's part of the process. The team has an obligation to look at that. All right, so let's assume you fulfill that obligation. You said, I don't think you're eligible. Then did you provide them with notice of their procedural safeguards and their prior written notice so they would know at that point in time, you've got something you have to do. If you don't like my answer, you now have to go file a petition. I understand your question exactly. IDEA is a spending clause law. It does not require the parents to give those two notices when the school affirmatively decides that the child doesn't need to be tested. They only have to give those two notices, according to the Third Circuit Court of Appeals, when the parent requests an evaluation. This is a very exacting equation. No, they do not have to give those notices when a parent simply puts the school district on notice or the school district unilaterally decides not to evaluate and tells the parent, we don't think your child is eligible. So, but in the record, we spent a lot of time talking about all the annual notices that were sent. And that is your way of saying, I'm shielded and protected because look, I did. I was supposed to under the law. You're telling me, well, we really didn't need to do that. And therefore, those findings by the court aren't really important because those notices really weren't required. Yes, sir. That's not what I'm saying. Child find has an obligation to tell the world, to tell all parents what might be available for their child. And every year sending a letter saying your child may be entitled to IDEA rights and here's where to find them. That's part of child fine. That's part of child fine. We do have that obligation and it does meet child fine. What the courts have said, though, is you've got to take that notice and apply it to the withholding exception to the statute of limitations as to whether or not the parent was prevented. We do have an obligation. And yes, sir, we do do that. If I could address the co-counsel's friend's argument on the counterclaim. Yeah, why isn't that it's a compulsory counterclaim? It's not a compulsory counterclaim because, and I will quote the language exactly from Kirkpatrick that is cited in the brief of the parents, and that is that the claim must arise from the same administrative hearing and review officer's decision. That's what makes it compulsory. Wait, what are you quoting from? I'm quoting from this is what the Kirkpatrick standard is, and it's in the brief of the parent in this case. If you look at Kirkpatrick, every single case judge, every single case cited where it's a compulsory counterclaim, the administrative process below had an adverse ruling against that party. In Kirkpatrick, the school board was told you have to pay for an independent evaluation. That's an adverse ruling. Of course, that's a compulsory counterclaim. If you win some arguments and lose some arguments, both sides, your honors, have a compulsory counterclaim. It doesn't matter who files first. The other side's going to have a compulsory counterclaim. Here, there's no adverse ruling. This party comes to court, and yes, we did initiate it as an agreed party, but they don't have an adverse ruling. They would like for the hearing to be before the federal district. Okay, take a step back from, so first of all, I'm just looking at Kirkpatrick right now, which says it's compulsory when they both address the same child. Yes. Same school district. Yes. Evoke considerations of the same law. I guess we could quibble about whether these evoke, but let me just take a step back and think about how Rule 13 normally works. Your argument is this case is about a child that the parent believes is covered under IDEA that you believe is not covered under IDEA. They believe should get services under IDEA. You don't believe they shouldn't get services under IDEA. If we just take a step back outside the administrative hearing process, if we think about this, about how civil litigation in federal district court normally works, the minute you sued them under any normal conception of compulsory counterclaims, their arguments against you are compulsory counterclaims. Under any normal conception about how Rule 13 normally works. Do we agree with that? We're literally talking about the same child, the same school district, the same statute, and the fundamental cause of action for purposes of claim preclusion is should this child get services under IDEA. That is a quintessential compulsory counterclaim, right? That is under the federal civil procedure, yes. But then put on top of it, IDEA's requirement that folks should not come to federal court until they're aggrieved by what happened in the state administrative process. Right. And that's what has been ironclad that it all needs to happen at the state level. And what Kirkpatrick said, though, is that those claims, Judge Hayden, spring from the decision in state administrative. Sure. And that all of that may be true. And all of that explains two things. Arguably, you were able to commence this action because you were aggrieved because your view is this should stop in its tracks. And it didn't stop in its tracks. And it explains why they could not have gone to federal court initially. If they had gone to federal court initially, it explains why they could not have done that. I'm not sure why it gets us one step further and says, once you decide to go to federal district court, we have to then bifurcate. Because so Kirkpatrick and Johnson say what's happening in federal district court is not an appeal. It's not review. It's an original civil action. What says, basically, that as part of that original civil action, we artificially truncate the proceedings in the way you want us to do? Because that is, first and foremost, the objective of the federal statute, that it happened at the state court. And then that is the answer to the question, again, regarding Johnson. This court, if it does not find the statute of limitations, applies. And my time has expired. May I answer your direct question? Certainly. Thank you so much. If this court finds that the statute of limitations was told, then the remedy is clearly to dismiss without prejudice so they can then have all of those claims heard by an ALJ. That's how you take Rule 13, IDEA, Johnson, and ME. And that's how they all agree. Thank you so much for your time. Thank you. And I know you also have some rebuttal time. I'll just start very briefly with regards to the child find and the questions about once you mark that someone is not eligible, once a school district, under the law, decides that a child is not eligible, they are required to issue a prior written notice. I think that's undisputed. And we can go back to the statute for that. But there are certain times that any time that they make a decision like that, it's not just in response to a parent. And even when they unilaterally decide, as my friend said, the Federal Register, I have this site in the brief as well, but says very clearly that merely posting, you can post procedural safeguards on the website, but that does not satisfy the requirement to actually give them to the parents in the times that you're required to give them. And that is at 46-693, and that's in the brief. And in regards to the compulsory counterclaim, that is our position, that this counterclaim was compulsory for all of exactly the same reasons, Judge Heitens, that you said. So I don't know how much more related that they could be. And under this— What's your best—I mean, I've gone back and looked at the briefs. And I mean, I agree with—I'll just repeat everything I said before, but like, I think this does seem like a compulsory counterclaim, but when I look at your brief, I don't see a case that deals with this particular situation under IDEA, right? Are you aware of any? Your Honor, to be honest, I'm not. And I think that's part of why it's important to see what Johnson looks like when it plays out, because the cases that were cited previously were post-Kirkpatrick, but they were before Johnson issued the ruling clarifying. And you all said in footnote 11 and footnote 12, we're issuing this because there's been some confusion about this, where cases have been remanded, where we have ordered district courts to remand. And so let's just get this clear. Once there's an original civil action, this is where it stays, and the federal rules of civil procedure apply. So I am not aware of that. The cases that I am aware of are the ones— Can I take a step then back further? Are you aware of any cases—I mean, this is essentially federal rule of civil procedure 13 has a compulsory counterclaim rule. IDEA has an exhaustion rule. Question, how do those intersect when the party that would be subject to the exhaustion requirement is the defendant in the original civil action? Are you aware of any other sort of—in principle, this could come up in other areas of administrative law too. Are you aware of any cases that present that? What is the relationship between the statutory exhaustion requirement and the compulsory counterclaim rule? Your Honor, all the cases, and we've cited these in our briefs from the Third Circuit, from the Fifth Circuit, and from this circuit, have all found when they've dealt with this issue that those limitations do not apply. Which this issue— The issue being the limitations that are under 1415I2, and there are two. One is a grieved party, and one is that you have to file within a certain limitation. So I'm looking at your reply brief now. What decisions are you talking—when you say the third—what decisions are these that you're talking about? I'm talking about the decision in Jonathan H., and then the decision in Reuben S. from the Fifth Circuit, which was then cited—it's an unpublished decision, but it's cited approvingly by LaNesha, and I have to find the second part of that. But it's cited approvingly by the Fifth Circuit. So every time that someone has dealt with this issue, what they have come back with is that those limitations do not apply to counterclaims. To compulsory counterclaims, they do not apply. And so I have not been able to find a case, and it may not exist, where the first limitation of a grieved party is there, but the second limitation of limitations—of the limitation for the 90 days—all the courts that have ruled on that in the Third Circuit here, and then again in the Fifth Circuit, the Third Circuit, and here have all said it does not apply. And so—and in Kirkpatrick, nothing said, well, it only doesn't apply because of the aggrieved party. And the aggrieved party part goes with the administrative hearing. And I will say in this court, in Johnson, in footnote number 12, you made clear that when the plaintiff's counsel was saying, well, you can remand, and it should be remanded because the ALJ didn't—there's no evidentiary record, and you specifically rejected that proposition. So I don't think having a complete administrative record is necessary, and I do think that the compulsory counterclaim should be allowed to move forward. And does that answer your question? Yes, I'm just trying—so this is Jonathan H. Just give me those one more time. Yes. I'm sorry, Your Honor, just one moment. I think I found it. This is page 14 of your opening brief? Yes. Okay, got it. Thank you. And so, Your Honor, those are, I think, in terms of the compulsory nature of it, I'm not really sure that there's much more to say. As I said previously, this Court's decision in Painter contemplates that there may be the need to take additional evidence when there are counterclaims, and the evidence may be somewhat different. I think that's been one of the primary oppositions to it. But this—it's going to be a rare instance. This is a rare instance. And this is an instance where they brought this claim, they opened the door to federal court, you issued the decision that there are no remands, and we filed our counterclaim. There's really nothing else for us to do at this point. The state agency decision is done, but that part is over and we're here. And we respectfully ask you to remand this to the district court to uphold the finding of the statute of limitations does not bar the claims, remand it to the district court in order to take additional evidence and allow the Brady's claims to finally be heard. And if there's no further questions, I'll save my time. All right. Thank you. Thank both counsel for your arguments, and we'll come down and greet counsel.
judges: Stephanie D. Thacker, Toby J. Heytens, Joseph Dawson III